# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**PARAMENA SHIKANDA,**

    **Movant,**

v.                                                  **Case No. 2:12-cv-00641**
                                                      **Case No. 2:09-cr-00251**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's "Motion for Preliminary Injunction to Bar Enforcement of Restitution Order and to Correct Sentence," which has been docketed as a motion under 28 U.S.C. § 2255 (ECF No. 258.)  This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Paramena Shikanda (hereinafter "Defendant") is serving a 46-month sentence upon his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  The other seven charges on which he was indicted and a forfeiture count were dismissed by the United States. Defendant's written plea agreement contained a provision concerning restitution that included the following language:

> (e)  Mr. Shikanda agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $919,916.00  However, nothing in this provision is intended to preclude

the Court from ordering Mr. Shikanda to pay a greater or lesser sum of restitution in accordance with law.

(ECF No. 110 at 3-4.)

Defendant was sentenced on August 19, 2010, and his Judgment was entered that same date. (ECF No. 172.) His Judgment imposed restitution in the amount of $772,016.05, to be paid jointly and severally with his co-defendants. Defendant's counsel did not file a Notice of Appeal within the 14-day time period provided by the Rules of Appellate Procedure.[1]

On March 2, 2012, Defendant filed the instant motion which has been docketed as a section 2255 motion. (ECF No. 258.) In this motion, the defendant asks the court to "bar enforcement of the restitution order entered by the court at his sentencing on August 19, 2010." (*Id.* at 1.) The motion further states:

> In the sentencing order, the court emcumbented [?] petitioner to pay restitution in the amount of $772,016.05. The restitution was so ordered pursuant to 18 U.S.C. § 3663A and 3664, and with interest to the fullest extent feasible under the plea agreement while no financial assessment was made even when the petitioner submitted his financial statements. Authorized under §§ 3663 and/or 3664A [sic], USSG § 5E1.1, a full amount of loss was ordered to the victims, but petitioner had many co-defendants.
>
> While incarcerated, the institution started taking money out of petitioner's account, informing him at team meetings that he owes $772,016.05, which petitioner believes should be equally divided between him and his co-defendants. Wherefore, this petitioner now moves this court to correct his sentence and/or vacate it [in] accordance to the relevant language of the law.

(*Id.* at 2.)

---

[1] The defendant subsequently filed a *pro se* Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon amendments to the United States Sentencing Guidelines. (ECF No. 218.) The presiding District Judge found the cited amendments to be inapplicable to the defendant's sentence and denied the motion. (ECF No. 226.) The defendant thereafter filed a Notice of Appeal concerning the denial of his section 3582 motion. The United States Court of Appeals affirmed the judgment of the District Court on December 23, 2011. (*United States v. Shikanda*, No. 11-7085 Dec. 23, 2011, ECF No. 247.)

The defendant also asserts that the total amount of restitution for which he was found liable is more than that attributable to the crime to which he pled guilty. The defendant further asserts that his counsel "failed to explore a favorable plea negotiation on the [defendant's] behalf by subjecting [him] to fiscal responsibilities which were beyond punitive responsibility of the crime he committed." (*Id.* at 4.)

## ANALYSIS

Section 3664(f)(1)9A) of Title 18 provides that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). However, section 3664(f)(2) and section 3572 of Title 18 require the court to specify a payment schedule in the restitution order that takes into consideration the economic circumstances of the defendant. 18 U.S.C. §§ 3572 and 3664(f)(2). Furthermore, section 3664(h) specifically provides:

> (h) If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C. § 3664(h). Because the presiding District Judge ordered that the restitution amount of $772,016.05 is to be paid jointly and severally, the payments are required to be made by each defendant (not necessarily in equal amounts) until the total amount is paid in full. This determination was within the discretion of the presiding District Judge, and does not constitute a basis upon which to vacate, set aside or correct the defendant's sentence.

Rather, if the defendant believes that there has been a material change in his economic circumstances that might affect his ability to pay restitution, he must

3

specifically notify the court and the Attorney General of the alleged change in circumstances, and pursuant to the provisions of section 3664(k), the defendant may petition the court to adjust the payment schedule, as the interests of justice so require. *See* 18 U.S.C. § 3664(k).

Furthermore, to the extent that the defendant claims that the amount of restitution he has been ordered to pay (jointly and severally with his co-defendants), is beyond that attributable to the crime he committed, the undersigned proposes that the presiding District Judge **FIND** that such assertion lacks merit and that the defendant is foreclosed from raising such a claim because it was waived in his plea agreement and by his failure to appeal.

The presiding District Judge made explicit findings concerning the amount of restitution attributable to the defendant at his sentencing. After thorough cross-examination of the government's witnesses to support both an enhancement for sophisticated laundering and the amount of attributable restitution, the presiding District Judge found as follows:

> Mr. Shikanda, who was present and aware on March 26, March 30, and March 31st of the efforts made through fake invoices, of which he was aware, to extract the bulk of the 919,916 dollars, knowing that its destination was accounts in Kenya.
>
> Mr. Shikanda knew that the moneys in the account had been obtained fraudulently, although he did not know necessarily the particulars of how that came about, and he also knew that the invoices that were presented as justification for the wire transfers were also fake, and he also knew that he, along with the others, including Ms. Kraszeski, knew that it was unwise to attempt to obtain the entirety of that 919,000 dollars by wire transfers out to Kenya on the same day. Hence, he, along with the others, returned to the bank on, as noted March 30 and March 31st.
>
> He did not return to the bank on April 1st when the last 300-and-some-thousand dollars was attempted to be sent out. The court concludes that his presence was unnecessary because he had already established the

4

> contact with Ms. Crawford that Ms. Kraszeski and the others were able to utilize effectively in obtaining the wire transfer of the moneys to Kenya.
>
> The court concludes that the scope of Mr. Shikanda's agreement was to assist in emptying the Deloitte account of the 919,916 dollars that had been fraudulently obtained from the State of West Virginia. And so, it was foreseeable to him that the steps that were uncompleted on March 31st would continue to be pursued as they were on April 1st in an effort to fraudulently dispense the balance of the funds in the account to Kenya.
>
> Under those circumstances, the court finds that Mr. Shikanda was aware of the complex and intricate nature of the transactions that were being taken place with regard to the funds that constituted the West Virginia moneys, although once again, the court notes that he did not necessarily know their source, only that they were fraudulently obtained. The court further finds that he was fully aware that the account had been established in a fictitious name by the fake identification of an individual posing as a South African, and that the moneys were destined for offshore accounts, in this case located in Kenya.
>
> Under those circumstances, the court finds that Mr. Shikanda is assessable with the two-level enhancement for sophisticated laundering. The court further finds that Mr. Shikanda is responsible for the entirety of the sum of which the State of West Virginia was defrauded, the balance being $772,016.05 and fixes restitution in that amount.

(ECF No. 266 at 95-96.)

The amount of restitution attributed to the defendant was less than $919,916.00. Thus, the amount fell within the agreed upon appeal waiver contained in the defendant's plea agreement, and the agreed-to provision in the plea agreement that the defendant would not object to any order of the District Court containing a schedule for restitution payments. (ECF No. 110 at 3-4, ¶¶ 6(e) and 7.)

The undersigned proposes that the presiding District Judge **FIND** that the defendant has not stated a sufficient basis to vacate, set aside or correct his sentence.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendant's Motion to Vacate, Set aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 258), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

<u>June 19, 2012</u>

Mary E. Stanley
United States Magistrate Judge